Good afternoon, Gerald Smith and Federal Defenders of Eastern Washington and Idaho appearing for Petitioner Appellant Mr. White. This case is before the Court today based upon the Court's request for a briefing on three issues, whether the petition was rightfully a 2241 or 2254, whether a Certificate of Appealability is required, and whether there were any constitutional or other rights, cognizable rights violated when Mr. White filed the petition. Mr. White was transferred to a private institution in Colorado and then returned to the Department of Corrections in Washington. I think all three of these hinge upon one point that I think has perhaps been overlooked in all that's been written in this case, and that is that what Mr. White is contending is not that he is being held unlawfully as a result of a judicial process. His contention is that the judicial process ended when the State of Washington gave over custody to the Crowley Institution, a private institution in Colorado. There is no judicial process that can be reinstated once that custody was given up. In his pro se briefing, he talked about Department of Corrections officials coming to Colorado and kidnapping him. Now, that may be a little bit overstated, but the fact is once they gave up the custody, there was no authority, judicial or otherwise. But what's the constitutional claim? The constitutional claim, Your Honor, is that he's being held in custody now in violation of due process. And what's the due process violation? As it stands now, the due process violation is there is simply no authority to hold him now once the custody was relinquished. Once the custody was relinquished, that original sentence, and prior to the transfer to Colorado. They didn't really relinquish him. Pardon me? They didn't really relinquish him. It was under a written agreement with this facility in Colorado. And there was no authority to that written agreement. Wasn't that a State law issue that the State Supreme Court ultimately resolved in a case called Massachusetts? The State Supreme Court resolved that issue by stating that, well, the precise issue, the amendment to 72090-050, the State Supreme Court did not read. Because it said that was resolved by what it called a clarifying amendment to 7268. Well, let's assume for a minute that he was still in custody in the State of Washington when he was transferred to this facility in Colorado. What basis should he maintain this, can he maintain this writ of habeas corpus on? 2241, 2254. Is a certificate of appealability necessary under either 2241 or 2254? Let me make sure I understand the assumption you're asking me to make, that the argument that there was a termination of custody by Washington did not occur. Let's just put that aside for a moment. That he was still in custody in the State of Washington while he was in Colorado. Yes. Let's just try and accept that. If that is accepted, it would appear, and I am looking now at a situation that I have not looked at because the contention is that it was not, but it would appear that there would be continuous custody, and perhaps then it would be a 2254 and a certificate of appealability would be required. But that's not the situation that we have. Why 2254? Why 2254? Yes. Well, the problem with the assumption, and I'm standing here thinking more about it as I go along, is that it does away with what the original complaint and what is being held unlawfully as a result of an unlawful transfer. If it was still in custody of the Washington Department of Corrections while in Colorado, we would have to assume that it was a lawful transfer. With that kind of assumption, then I'm not sure we would be here at all. So perhaps my original statement that it would be a 2254 would be an error in that respect, because I'm not sure that if it were, it would have to be a legal transfer for him to still be in custody of the Washington D.O.C. while in Colorado. If it were a legal transfer, then I don't think he would have a claim under 2241, 2254. So he's, if taking your characterization of his claim, from your perspective, he's not claiming or complaining about having to serve his sentence in a private facility outside of the State of Washington away from where his family might be? Only to the extent that that was accomplished without any authority in the Washington State law at the time. Your claim is that, as you understand his petition, your claim, your position is that when they transferred him, they essentially released him from custody. Yes, Your Honor. There, in fact, is a document within the contract which is invalid. But within the contract, there's a document that states specifically that once a prisoner is transferred, Crowley takes custody, and the custody of the D.O.C. ends, and I believe it says at the airport or at such other transfer point. So even the Department of Corrections says that when a prisoner is transferred to Crowley or anywhere else, I assume that any other contract would be similar, that they no longer have custody. If they gave up that custody and did so without a legitimate contract in place, then they simply relinquished custody and cannot just go get it back arbitrarily, which is what happened. Okay. All right. Why don't you reserve the remainder of your time to see what this is? I will, Your Honor. Thank you. Thank you. Good afternoon. May it please the Court. My name is Paul Weiser. I'm an Assistant Attorney General, and I'm appearing on behalf of the State of Washington and respondent Appellant Lambert, Appellee Lambert, in this case. There were three issues in the case, as the Court has requested briefing, and counsel reminded the Court.  The first rule would be that if the petitioner, habeas petitioner's custody, stems from a State court judgment, then as a matter of law, any habeas corpus petition he files with the Federal court would be one governed by Section 22.  And the second bright line rule would be if the petitioner's detention stems from the State court process, then a certificate of appealability is required regardless of whether it's a Section 2241 or a Section 2254 petition. In this case, we believe that this is a Section 2254 proceeding, not a 2241 proceeding. Mr. White has made much out of the fact that he's not challenging his underlying State court judgment, the King County judgment that put him in custody, but rather that he's challenging only his continued custody by the State of Washington Department of Corrections. And we believe that that distinction that he is making is completely irrelevant under Section 2254 because the statute refers to the lawfulness of the State prisoner's judgment that put him in custody, but to the lawfulness of his custody. And clearly, Mr. White's custody stems from his King County judgment and sentence from 1990. We believe that the case of Felker v. Turpin, the United States Supreme Court case, although it's not directly governing on this issue on this Court, it does establish a guiding light for this Court, because in that case, the Supreme Court considered itself to be bound by Section 2254 simply because the Petitioner was under the custody of a State court judgment. And that is also the majority rule, as we pointed out in our brief, by a margin of 4 to 2. The majority rule cases, it appears, have in fact heeded the advice of the Supreme Court from Felker v. Turpin, but the two minority case rules, Montez and the Green case, appear not to have drawn upon it at all. And we believe the statutory language is critical here because Section 2254 is critically narrower than 2241, and it is more specific. 2254 is limited to State prisoners whose custody stems from a judgment of a State court. And we believe it would thwart congressional intent to allow the State court prisoner or the State prisoner to bypass all of the procedures that Congress has put in place for Section 2254 petitions that do not necessarily apply to Section 2241 petitions. Section 2241 does have a place for State prisoners, but it should be limited to those cases where the Petitioner's custody is not dependent upon a judgment of any sort. And that would be in cases of speedy trial claims, double jeopardy claims, and extradition and detainer challenges. And I believe that the Court in McNeely v. Blanas earlier this year recognized that distinction where it allowed a State detainee to proceed under Section 2241 despite his characterization of his petition as a 2254 and the State's concession that it was a 2254 and the district court's characterization of it as 2254. The Court recognized that it was actually a Section 2241 case. So we would ask that the Court construe Mr. White's petition as a Section 2254 petition. And we believe a certificate of appealability is required in his case under Section 2253C. And again, the majority rule is that whenever a person is in custody as a result of State court process, his appeal may not proceed unless he has a certificate of appealability from the government. Well, I want to question you a little bit about that, because the language in 2253 is – it says in which the detention complained of arises out of process issued by a State court. It doesn't refer back to judgment. Correct. Right. And in this case, the process of his claim is challenging his transfer and the implementation of a sentence. So with that, that was effectuated through an administrative process. The State courts had nothing to do with the agreement between the Colorado State prison and the Washington State prison administrations. This is their own internal process designed to relieve the overcrowding in the Washington  That's correct, Your Honor. However, I believe as it's used in the statute, the term process refers to process in its broadest sense, whenever it's process issued by a State court. What case law, what definition, what do you have to support your very broad definition that you propose for process? I believe the majority rule cases that are cited in our brief, the decisions of the 3rd, 5th, 6th, 10th, and D.C. circuits. Circuits go the other way. There are just the one circuit, and that's Walker v. O'Brien, the 7th circuit decision. Do you realize what that means for a court like ours, if we were to decide that COAs had to issue for every, the broadest possible interpretation of process? Yes, Your Honor. That would mean that every case filed by a State prisoner would require a COA, and I believe that that's what Congress stated when it has set it out in those terms. They didn't make it dependent upon a judgment. It was just a State court process. So that way it captures all of those cases where the person is in, either in prison or pretrial detention pursuant to an arrest warrant. But it makes it incredibly onerous, onerous reading of the statute. And I'm not sure that it's necessarily a required reading, given that the 2254 deals with the conviction, the State court judgment, and this talks about process. Yes, Your Honor. I believe that the definition that the courts have given it have been very broad. As the D.C. circuit said in the Madley v. U.S. Parole Commission case, and the other circuit said in theirs, was that process refers to something initiating with the State courts, whether it's an arrest warrant, whether it's a judgment and sentence in the warrant of commitment, but that it covers all persons who are in detention as a result of State court process. Now, all those cases that you cited with a majority rule, do they have to deal, they're factual situations. Do they deal with this type of situation where the prison administrators are making the decision, or are they dealing with other types of factual scenarios? I think that they can all be categorized as decisions where what is at stake is something other than the validity of the underlying judgment. They were, for example, in Madley v. U.S. Parole Commission, it was the U.S. Parole Commission's decision to find Mr. Madley not to be parolable. I believe the other cases were either prison disciplinary proceedings or some other decision other than a State court decision that resulted in the Petitioner being in custody either longer or longer than he believed he should have been in custody. The exact language of 2253 C.E. 1a talks about a final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by the State court. As I understand, what I really understood his complaint to be was that he was complaining about being detained in a private facility outside of Washington pursuant to an administrative order that was accomplished by the, I guess, the Director of the Department of Corrections. Actually, Your Honor, I think it's just the opposite. I think he's complaining of his current detention by the Department of Corrections pursuant to his judgment sentence. Maybe at one time. Well, presumably he wouldn't be here, he wouldn't have filed his habeas proceeding if he hadn't been moved. That's correct, Your Honor. Yes. He filed one of his petitions. What he's complaining about is his detention in this private facility, isn't he? I think, actually, Your Honor, he's complaining about his current detention. He's saying that the State of Washington forfeited custody over him by moving him outside the State's borders and that, therefore, the State has no justification for keeping him in custody at this time. So I think that actually what he is complaining about is his current custody. And I don't know that he would be able to complain about his prior custody. He has not complained about receiving the day-for-day credit against his sentence, nor has he complained about receiving earned or at least time for that 7 months that he was housed in Colorado. He just said something like, when he filed this habeas proceeding, had he been brought back to Washington? I believe, Your Honor, at the time. Still outside. No, Your Honor. When he filed his Federal petition, he was he had been returned. When he filed his State habeas corpus, his personal restraint petition with the Washington Supreme Court. He was still out. I believe he was in Colorado at that time. But I could be mistaken on that. I know that he was in Washington at the time he filed his Federal petition. Okay. All right. Thank you, counsel. Thank you, Your Honor. As the court apparently has, I have struggled some with the difference between a State court judgment and a court process. But I think the difference is if there is one. It just doesn't matter. And if I could propose a hypothetical, myself. As to what Mr. White is complaining about. Let's assume that rather than the 340 some months that he was sentenced to, he had been sentenced to 34 months. That 34 months ended. And the warden of the prison, for whatever reason, decided he just wasn't going to release him. Under those circumstances, it would take a great stretch, however these terms are defined, to conclude he was being held as a result of a State court judgment or as a result of a State court process because the custody as a result of the process of the judgment would have ended at the end of the term. He's in exactly that same situation here. His custody by Department of Corrections, his custody as a result of the process or judgment ended when the custody was transferred without authority to the Crowley Institute in Colorado. Once that ended, Department of Corrections cannot on its own simply retake custody and somehow reinstate a process or judgment that has been relinquished by relinquishing the custody to a private institution. The cases that were cited by the State as far as what a State court judgment means and why some cases properly are brought on a 2241 rather than a 2254 and the cases supporting 2254 have to do with parole, with good time. We're not looking at that here. We are looking at the fact that he is being held in violation of due process rights because there is no State court process, no State court judgment that is in effect. The same thing with the 2241s and the Certificate of Appealability. In many ways, and the State seems to concede this, that if someone is being held in violation of due process rights, he is detained without being brought before a judge or a magistrate. 2241 is appropriate. I see my time is up. I'll talk very rapidly. And a COA is not required. He's being held under exactly those circumstances. Thank you. White v. Lambert is submitted. We'll take up U.S. v. Cary.
judges: Wardlaw, Paez, Noonan